Case 1:20-cv-03130-JAG    ECF No. 20    filed 02/09/22    PageID.2486    Page 1 of 14

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 09, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JIM G., | No. 1:20-CV-03130-JAG |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 17. Attorney D. James Tree represents Jim G. (Plaintiff); Special Assistant United States Attorney Erin Highland represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on March 31, 2014, alleging disability since September 5, 2009, due to irregular heartbeat, depression, lower back pain, chronic migraines, knee pain, and Hepatitis A. Tr. 103. The application was denied initially and upon reconsideration. Tr. 135-42, 146-51. Administrative Law Judge (ALJ) Keith Allred held a hearing on January 10, 2017, Tr. 45-75, and issued an unfavorable decision on March 24, 2017, Tr. 17-37. Plaintiff requested review of the ALJ's decision from the Appeals Council and the Appeals Council denied the request for review on March 29, 2018. Tr. 1-5. Plaintiff filed a civil action in this Court and on May 24, 2018, the claim was remanded for further proceedings. Tr. 1085-1102.

On April 21, 2020, ALJ Chris Stuber held a remand hearing. Tr. 1021-48. On May 28, 2020 ALJ Stuber issued a partially favorable decision, finding Plaintiff was not disabled prior to February 2, 2020, but became disabled on that date, based on his changed age category. Tr. 987-1012. Plaintiff did not file written exceptions with the Appeals Council and the Appeals Council did not review the decision; the ALJ's May 2020 decision therefore is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Tr. 984. Plaintiff filed this action for judicial review on August 20, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1965 and was 49 years old when he filed his application. Tr. 103. He has a high school education and a limited work history with a series of temporary jobs. Tr. 53-54, 244, 645. He has struggled with mental health problems and substance use since he was a young child. Tr. 643-44, 1396. He testified at his hearing that he was unable to work due to a combination of his physical problems and his mental health. Tr. 1030-35, 1039.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20

C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

"A finding of 'disabled' under the five-step inquiry does not automatically qualify a claimant for disability benefits." *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) (citing *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001)). When there is medical evidence of drug or alcohol addiction (DAA), the ALJ must determine whether the drug or alcohol addiction is a material factor contributing to the disability. 20 C.F.R. § 416.935(a). In order to determine whether DAA is a material factor contributing to the disability, the ALJ must evaluate which of the physical and mental limitations would remain if the claimant stopped using drugs or alcohol, then determine whether any or all of the remaining limitations would be disabling. 20 C.F.R. § 416.935(b)(2). If the remaining limitations would not be disabling, DAA is a material contributing factor to the determination of disability. *Id.* If the remaining limitations would be disabling, the claimant is disabled independent of the DAA and the addiction is not a material contributing factor to disability. *Id.* The claimant has the burden of showing that DAA is not a material contributing factor to disability. *See Parra*, 481 F.3d at 748.

## ADMINISTRATIVE DECISION

On May 28, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act prior to February 2, 2020 but became disabled on that date. Tr. 987-1012.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 990.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 4

At step two, the ALJ determined Plaintiff had the following severe impairments: polysubstance abuse, major depressive disorder, posttraumatic stress disorder, degenerative joint disease of the left knee, atrial fibrillation, lumbar and cervical radiculopathy, and obesity. *Id.*

At step three, the ALJ found Plaintiff's impairments, including the substance use disorder, met sections 12.04 and 12.06 of 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 991-92.

Because of Plaintiff's substance abuse, the ALJ further considered his abilities if he were to stop using drugs and alcohol. Tr. 992. The ALJ found Plaintiff's remaining impairment would continue to be severe, but would not meet or medically equal a listing. Tr. 992-94.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) in the absence of substance abuse and found he could perform a range of light work, with the following limitations:

> He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch but never climb ladders, ropes or scaffolds or crawl. He should have no exposure to excessive vibrations, hazards, unprotected heights or irritants such as fumes, odors, dust, gases, and poorly ventilated areas. He can understand, remember, and carry out simple instructions, respond appropriately to supervision, coworkers and usual work situations, and he can deal with changes in a routine work setting. He can have occasional interaction with the general public and no more than frequent interaction with coworkers and supervisors.

Tr. 995.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 1010.

At step five, the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity were he to stop substance use, Plaintiff could perform jobs that existed in significant numbers in the national economy,

specifically identifying the representative occupations of housekeeping cleaner, cafeteria attendant, and small parts assembler. Tr. 1010-11.

As of February 2, 2020, Plaintiff's age category changed to "advanced age." The ALJ applied the medical vocational guidelines and found Plaintiff became disabled as of reaching age 55. Tr. 1011.

The ALJ thus concluded Plaintiff's substance use disorder was a contributing factor material to the determination of disability prior to age 55, and thus Plaintiff was not under a disability within the meaning of the Social Security Act prior to February 2, 2020, but that he became disabled on that date. Tr. 1011-12.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) finding Plaintiff's conditions did not meet or equal a listing absent substance use; (2) improperly evaluating medical opinion evidence; and (3) improperly rejecting Plaintiff's symptom testimony.

## DISCUSSION

**1.    Plaintiff's subjective complaints**

Plaintiff contends the ALJ erred by improperly rejecting his subjective complaints. ECF No. 16 at 17-20.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of

malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not fully supported prior to the established onset date. Tr. 996. Specifically, the ALJ found the objective medical and mental evidence did not support the extent of Plaintiff's allegations and found that Plaintiff had engaged in a somewhat normal level of daily activity and interaction, contrary to his allegations. Tr. 996-1000.

A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict their other testimony or if the claimant can spend a substantial part of the day engaged in functions transferable to a work setting. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, Ninth Circuit caselaw has been clear that the Social Security Act "does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." *Smolen v. Chater*, 80 F.3d 1273, 1287 n.7 (9th Cir. 1996). The Ninth Circuit has further stated:

> We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.

*Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014).

The ALJ noted Plaintiff engaged in activities such as tending to personal care, doing household chores, jogging and riding a bicycle, doing volunteer work, chairing AA meetings, and attending church. Tr. 1000. The ALJ cited to a few points in the record where these activities were noted in medical records or reported by Plaintiff in his function reports. *Id.* The ALJ failed to explain how any of these activities were inconsistent with Plaintiff's reports or how they indicated an ability for full-time work. Plaintiff never claimed an inability to tend to his own personal or household care, and while he reported he preferred to be alone, he did not report any difficulty getting along with others. Tr. 263-64, 647, 1035-36, 1388, 1396. Regarding Plaintiff working, volunteering, or exercising, the record does not indicate that he did any of these things on any continuous basis or at a level consistent with competitive employment. The Court finds the ALJ's discussion does not constitute a clear and convincing basis for disregarding Plaintiff's subjective reports.

The only other rationale offered by the ALJ was a summary of the treatment records and the conclusion that the objective medical and mental evidence did not support the extent of Plaintiff's allegations. Tr. 996-1000. However, the objective evidence alone is not a sufficient basis upon which to discount a claimant's subjective complaints. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence).

On remand the ALJ will reconsider Plaintiff's subjective reports.

**2.    Opinion evidence**

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence, specifically pointing to the ALJ's weighing of Drs. Genthe, Bowes, Dougherty, Crank, and Jackson, and ARNP Wheeler. ECF No. 16 at 7-17.

### a. Dr. Genthe

When an examining physician's opinion is contradicted by another physician, the ALJ must offer "specific and legitimate" reasons to reject the opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating their interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

### i. 2014 opinion

Plaintiff attended two consultative exams with Dr. Genthe, one in 2014 and one in 2019. In 2014, Dr. Genthe diagnosed Plaintiff with major depressive disorder with anxious distress and methamphetamine and alcohol use disorders. Tr. 587. He opined Plaintiff had multiple mild and moderate limitations and was markedly impaired in his ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, and communicate and perform effectively in a work setting. Tr. 587. He opined the current limitations were not primarily the result of alcohol or drug use within the past 60 days. Tr. 588. In his concluding notes, he wrote that "based on [Plaintiff's] long standing substance abuse history, he will likely require a significant period of time to be effective in his everyday functioning, which would include maintaining a job and dealing with everyday stressors." *Id.* Dr. Genthe further noted Plaintiff was "unlikely to function adequately in a work setting until his psychological symptoms have been managed more effectively." *Id.*

The ALJ summarized this opinion and gave it partial weight. Tr. 1004-05. He reasoned that since Plaintiff reported being five weeks sober as of the time of the exam, Dr. Genthe's opinion that Plaintiff would need a significant period of abstinence to effectively maintain a job was not supported by the largely normal

findings on the mental status exam. Tr. 1004. The ALJ further found the opinion was not consistent with Plaintiff's daily activities or other mental status findings during periods of sobriety. Tr. 1004-05.

Plaintiff argues the ALJ improperly conflated Plaintiff's abilities on a brief exam with sustaining such abilities during a full-time job. ECF No. 16 at 9. Defendant argues the ALJ reasonably found the assessed limitations to be inconsistent with the normal exam findings and other evidence in the record. ECF No. 17 at 11-12.

The Court finds the ALJ's analysis is insufficient. Doctor Genthe commented on Plaintiff's ability to sustain activities over a normal workday and workweek on an ongoing basis. Tr. 587. The ALJ did not identify any evidence that is contrary to Dr. Genthe's opinion. While Plaintiff may have demonstrated some improvement in his immediate functional abilities during brief periods of sobriety, there is no evidence of his ever having sustained sobriety for a significant period of time the way Dr. Genthe opined would be necessary in order for Plaintiff to effectively maintain a job. Furthermore, the ALJ failed to acknowledge Dr. Genthe's statement that the impairments were not primarily the result of alcohol or drug use within the past 60 days. Tr. 1004. Additionally, similar to the discussion above, none of the identified activities demonstrate an ability to perform full-time work, and none are inconsistent with Dr. Genthe's opinion, which related to Plaintiff's capacity for various activities in a full-time work environment. Therefore, the Court finds the ALJ failed to provide specific and legitimate reasons for discounting Dr. Genthe's 2014 opinion.

*ii. 2019 opinion*

Plaintiff attended a second consultative exam with Dr. Genthe in 2019. Tr. 1386-93. Doctor Genthe diagnosed Plaintiff with major depressive disorder, schizophrenia, mild marijuana use disorder, and moderate methamphetamine use disorder. Tr. 1389. He assessed a number of mild and moderate limitations and

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 10

found Plaintiff to be markedly impaired in asking simple questions or requesting assistance, and severely impaired in communicating and performing effectively, maintaining appropriate behavior, and completing a normal workday or workweek without interruptions from psychologically based symptoms. Tr. 1390. Doctor Genthe opined that the limitations were not primarily the result of a substance use disorder. Tr. 1391.

The ALJ gave this opinion substantial weight as it related to periods of substance use, noting Plaintiff's report of daily marijuana and methamphetamine abuse, and found the abnormal mental status exam results to be consistent with similar findings and symptoms during periods of substance use. Tr. 1004-05.

Plaintiff argues the ALJ erred by ignoring Dr. Genthe's statement that the limits identified were not primarily the result of substance abuse, and in finding the opinion to only be consistent with periods of substance abuse. ECF No. 16 at 9-10. Defendant argues the ALJ reasonably concluded that the opined limits accurately reflected Plaintiff's functioning when he was using substances and reasonably drew conclusions based on the record as a whole. ECF No. 17 at 13.

The Court finds the ALJ's discussion is insufficient. While the ALJ noted consistent information in the record from periods of substance use, the ALJ failed to acknowledge Dr. Genthe's opinion that the limitations were not primarily the result of substance use. This is a material element of Dr. Genthe's opinion that the ALJ failed to address or offer any reasons for discounting. On remand, the ALJ will reconsider Dr. Genthe's opinion.

### *b. Remaining opinions*

Plaintiff also challenged the ALJ's treatment of the opinions provided by Dr. Bowes, Dr. Dougherty, Dr. Crank, Dr. Jackson, and ARNP Wheeler. Considering the case is being remanded for the ALJ to readdress Plaintiff's subjective statements and the opinion from Dr. Genthe, the ALJ will also address the remaining opinions on remand.

### 3. Step 3 findings

Plaintiff argues the ALJ improperly found Plaintiff's conditions would not meet or equal a listing in the absence of substance use. ECF No. 16 at 5-7.

The Social Security Act bars payment of benefits when drug abuse or alcoholism (DAA) is a contributing factor material to a disability claim. 42 U.S.C. §§ 423(d)(2)(C) & 1382a(3)(J); *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001). If there is evidence from an acceptable medical source that a claimant has a substance abuse disorder and the claimant succeeds in proving disability, the Commissioner must determine whether DAA is material to the determination of disability. 20 C.F.R. § 416.935; SSR 13-2p (Feb. 20, 2013), *available at* 2013 WL 621536. That is, the ALJ must perform the sequential evaluation process a second time, separating out the impact of the claimant's DAA, to determine if they would still be found disabled if they stopped using drugs or alcohol. *Bustamante*, 262 F.3d at 955. DAA is a materially contributing factor if the claimant would not meet the SSA's definition of disability if the claimant were not using drugs or alcohol. 20 C.F.R. § 416.935(b).

The ALJ found that Plaintiff's impairments, including substance abuse, met Listings 12.04 and 12.06 based on marked impairment in each of the paragraph B criteria. Tr. 991-92. He then found that if Plaintiff stopped the substance abuse, his remaining conditions would not meet or equal a listing, finding mild and moderate limitations in the B criteria. Tr. 993-94.

Plaintiff argues the ALJ failed to point to sufficient evidence demonstrating Plaintiff's co-occurring mental impairments are not disabling in the absence of substance abuse. ECF No. 16 at 5-7. He asserts that the record does not contain a sufficient period of sustained sobriety with which to assess his functioning, and argues no evidence establishes that he would not be disabled absent substance abuse. *Id.* Defendant argues the ALJ cited to evidence from periods of sobriety and

reasonably concluded that Plaintiff's functional abilities improved in the absence of substance use. ECF No. 17 at 3-9.

The Court finds the ALJ did not err. While Plaintiff has struggled with substance abuse for the vast majority of his life, the ALJ did identify evidence from periods of sobriety, and reasonably interpreted the evidence as showing some improvement in Plaintiff's functional abilities in the various B criteria. Tr. 993-94. The Court finds the ALJ's step three findings are supported by substantial evidence.

However, as this claim is being remanded on other bases, the ALJ will re-evaluate each of the steps in the sequential evaluation process, including the materiality of DAA.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed, and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate Plaintiff subjective complaints and the opinions from Dr. Genthe, and make findings on each of the five steps of the sequential evaluation process. As the parties did not raise any challenge to the award of benefits as of age 55, that finding is not disturbed.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED February 9, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE